## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 6:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrew A. Szakaly
Nashville, Indiana

Jacob Moore
Bloomington, Indiana

ATTORNEY FOR APPELLEE

David B. Schilling
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Peggy Bull, d/b/a Brown County Getaway,

*Appellant-Petitioner,*

v.

Brown County Area Board of Zoning Appeals,

*Appellee-Respondent.*

January 29, 2016

Court of Appeals Case No.
07A01-1506-PL-747

Appeal from the
Brown Circuit Court

The Honorable
Judith A. Stewart, Judge

Trial Court Cause No.
07C01-1501-PL-20

**Kirsch, Judge.**

[1] Peggy Bull, d/b/a Brown County Getaway ("Bull"), appeals the trial court's order affirming the decision of the Brown County Area Board of Zoning

Appeals ("the Board") that denied Bull's application for a special exception to operate a motel under the Brown County Zoning Ordinance ("Zoning Ordinance") on property owned by Bull in Brown County, Indiana. Bull raises the following restated issue on appeal: whether the trial court's decision was arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence.

[2] We affirm.

## Facts and Procedural History

[3] Bull owns property located off of State Road 46, west of Nashville, Indiana, in Brown County, Indiana. The property is zoned R1 under the Zoning Ordinance. Bull owns five short-term rental cabins on her property. Two, which are located on each end of the group of cabins, are already approved by the Board as tourist homes under the Zoning Ordinance. Bull previously sought approval from the Board to operate the remaining three cabins as tourist homes, but that request was denied because the cabins were too close together to meet the guidelines under the then-existing Zoning Ordinance. Bull then sought approval from the Board to have the three middle cabins approved as a motel, as that term is defined under the Zoning Ordinance. The Zoning Ordinance only permits the operation of motels in an R1 zone if a special exception is granted by the Board.

[4] Subsection 3.4(C) of the Zoning Ordinance states that to be eligible for the granting of a special exception, a person must apply for an improvement

location permit under section 6.1. *Appellant's App*. at 97. On October 17, 2014, Bull filed her application seeking approval from the Board for a special exception to operate the existing rental cabins as a motel on the three contiguous properties she owned. The application included property record cards, deeds, digital photographs, and survey drawings of the three properties. The application materials did not include any specific information regarding the number, size, location, and surface of parking spaces for the proposed motel use.

[5] On December 17, 2014, the Board conducted a public hearing on Bull's application. During the hearing, Bull's attorney stated that, if the special exception was granted, there would be no changes to the appearance or operation of the existing rentals. *Id*. at 12. Several neighbors spoke in opposition to Bull's request and cited complaints of trespassing, excessive noise, and the commercialization of the neighborhood associated with the then-existing short-term rentals on Bull's properties. There was concern expressed about the lack of safe access to the properties from State Road 46, and Bull acknowledged the problem and that it would need to be dealt with. There was no testimony presented regarding the number, size, location, and surface of the parking spaces for the proposed motel use. Based on the testimony heard, and the materials presented, the Board concluded that Bull failed to carry her burden of establishing compliance with the special exception criteria contained in the Zoning Ordinance and denied Bull's request.

[6]     On January 16, 2015, Bull filed a "Notice of Petition for Writ of Certiorari" and a "Verified Petition for Writ of Certiorari" with the Brown Circuit Court. *Id*. at 1-2. Bull sought judicial review of the Board's decision, contending that the decision was arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence. A hearing was held on Bull's petition, after which the trial court issued an order affirming the Board's decision and concluding that substantial evidence existed in the Board's record to support its findings and that the findings supported the conclusion that Bull failed to carry her burden of showing her compliance with the parking standards under the Zoning Ordinance. Bull now appeals.

## Discussion and Decision

[7]     When reviewing a decision of a zoning board, this court and the trial court are bound by the same standard. *Midwest Minerals Inc. v. Bd. of Zoning Appeals of Area Plan Dep't/Comm'n of Vigo Cnty.*, 880 N.E.2d 1264, 1268 (Ind. Ct. App. 2008), *trans. denied*. We presume the determination of the Board, an administrative agency with expertise in zoning matters, is correct. *Id.* Therefore, we will reverse only if the Board's decision is arbitrary, capricious, or an abuse of discretion. *Id.* We will not reweigh the evidence or substitute our decision for that of the Board. *Id.* Thus, Bull labors under a heavy burden in urging this court to overturn the Board's decision. *Id.*

[8]     A special exception is a use permitted under the zoning ordinance upon the showing that certain statutory criteria have been met. *S & S Enters., Inc. v.*

*Marion Cnty. Bd. of Zoning Appeals*, 788 N.E.2d 485, 490 (Ind. Ct. App. 2003), *trans. denied*. Some special exception ordinances are regulatory in nature and require an applicant to show compliance with the requirements, providing the Board with no discretion. *Id*. The burden of demonstrating satisfaction of the relevant statutory criteria rests with the applicant for a special exception. *Porter Cnty. Bd. of Zoning Appeals v. SBA Towers II, Inc.*, 927 N.E.2d 915, 922 (Ind. Ct. App. 2010) (citing *Crooked Creek Conservation & Gun Club, Inc. v. Hamilton Cnty. N. Bd. of Zoning Appeals*, 677 N.E.2d 544, 548 (Ind. Ct. App. 1997), *trans. denied*). This court has been cautious to avoid imposing upon remonstrators the obligation to come forward with evidence contradicting the evidence submitted by an applicant. *Id.* "Since remonstrators need not affirmatively disprove an applicant's case, a board of zoning appeals may deny an application for a special exception on the grounds that an applicant has failed to carry its burden of proving compliance with the relevant statutory criteria regardless of whether remonstrators present evidence to negate the existence of the enumerated factors." *Id.*

[9] Bull argues that the trial court's order affirming the decision of the Board, which denied her application for a special exception under the Zoning Ordinance, was arbitrary, capricious, an abuse of discretion, and unsupported by any evidence. She contends that the finding that she failed to meet her burden of demonstrating compliance with the parking requirements contained in the Zoning Ordinance was erroneous and not supported by any evidence. Bull asserts that she met her burden and introduced substantial evidence before

the Board "consisting of 'materials' addressing the parking requirements under the Zoning Ordinance." *Appellant's Br.* at 5. She further claims that, after she introduced this evidence, the Board failed to introduce any evidence to rebut her evidence.

[10] Under section 3.4 of the Zoning Ordinance, the Board may grant a special exception if it finds that "the requirements for special exceptions prescribed by [the Zoning Ordinance] will be met." *Appellant's App.* at 97. Subsection 4.12(C) of the Zoning Ordinance requires that, when land is designated as a motel use, it must provide one parking space per sleeping room. *Id.* at 111. Subsection 4.12(D) requires that "[e]ach of the parking spaces required by this section must be at least 9 feet wide and twenty feet long, exclusive of passageways." *Id.* at 112. Further, subsection 4.12(E) requires parking spaces to be located on the premises or within 300 feet of the premises, but not in the required front yard area. *Id.* Finally, subsection 4.12(F) requires that a parking area, if in the open, must be paved with a hard or dustproof surface. *Id.*

[11] Here, at the Board hearing, Bull presented the Board with aerial photographs and mortgage survey drawings of the proposed motel properties as part of her application for a special exception. Although some of the drawings showed the locations of the buildings present on the property, none of the materials presented to the Board identified or specified the location and size of the parking spaces or structures. Neither Bull nor her attorney presented testimony to the Board regarding the location and specifications of any parking spaces or structures. Bull, therefore, did not provide the Board with sufficient evidence to

determine if the properties complied with the parking requirements contained in the Zoning Ordinance. Although Bull argues on appeal that the aerial photographs of the properties clearly show "gray areas" adjacent to the cabins that are images of the parking located adjacent to the properties, this argument was not raised to the Board and is an impermissible request for this court to reweigh the evidence, which we cannot do. *Midwest Minerals*, 880 N.E.2d at 1268. We conclude that the trial court properly found that Bull failed to meet her burden of demonstrating compliance with the parking requirements contained in the Zoning Ordinance.

[12] Affirmed.

Mathias, J., and Brown, J., concur.